943 A.2d 835

STATE OF NEW JERSEY, PLAINTIFF v.
AMBROSE HARRIS, DEFENDANT.

Argued October 23, 2007—Decided December 4, 2007.

*James K. Smith, Jr.,* Assistant Deputy Public Defender, argued
the cause for defendant (*Yvonne Smith Segars,* Public Defender,
attorney).

*Daniel I. Bornstein,* Deputy Attorney General, argued the
cause for plaintiff (*Anne Milgram,* Attorney General of New
Jersey, attorney).

PER CURIAM.

In *State v. DiFrisco* (*DiFrisco V*), 187 *N.J.* 156, 179, 900 *A.*2d 820 (2006), a majority of this Court vacated the capital sentence of defendant Anthony DiFrisco (DiFrisco) based on its finding of a unique set of votes by individual Justices. Of the members of the Court who heard DiFrisco's direct appeal, three voted to reverse the capital sentence (Justices Clifford, Handler, and Stein) and, thereafter, in a bifurcated review of DiFrisco's application for proportionality review of the sentence, a fourth member of the original direct-appeal Court (Justice O'Hern) found that the capital sentence was disproportionate. *Id.* at 163, 900 *A.*2d 820. Thus, a total of four members, who reviewed both DiFrisco's direct appeal and his proportionality review, voted to overturn his capital sentence. *See id.* at 160, 900 *A.*2d 820. The *DiFrisco V* Court reasoned that had the direct appeal and proportionality review been conducted together, as now is our practice, a majority of the members of the original direct-appeal Court would have cast votes to overturn the capital penalty and impose a life sentence. *Id.* at 178–80, 900 *A.*2d 820. On those specific and likely non-recurring set of voting facts, the DiFrisco V Court therefore determined that DiFrisco's capital sentence must be vacated. *Ibid.*

Defendant Ambrose Harris (Harris) now claims that the holding in *DiFrisco V* requires that his death sentence be vacated because a total of four Justices, over time, have voted to overturn his death penalty.[1] The State refutes that claim, pointing out that Harris can assert a "total" of four votes to overturn his capital sentence only by impermissibly aggregating the votes of Justices who have

---

[1] Of the members of the Court who heard Harris's direct appeal, three voted to vacate the sentence (Justices Handler, Stein, and Coleman). *State v. Harris* (*Harris I*), 156 *N.J.* 122, 253, 716 *A.*2d 458 (1998), *cert. denied*, 532 *U.S.* 1057, 121 *S.Ct.* 2204, 149 *L.Ed.*2d 1034 (2001). Thereafter, in the proportionality review, only Justice Long, who did not sit on Harris's direct appeal, voted to vacate Harris's capital sentence. *State v. Harris* (*Harris II*), 165 *N.J.* 303, 385, 757 *A.*2d 221 (2000). Justice Long had succeeded to Justice Handler's position on the Court after *Harris I* was decided.

replaced former Justices. That, the State contends, is not what occurred in DiFrisco's proceedings.

We directly certified Harris's pending motion for relief from the trial court, *State v. Harris*, 189 *N.J.* 647, 917 *A.*2d 786 (2007), and now deny his application. The unique set of votes that were cast by the individual members of this Court who reviewed, in separate proceedings, DiFrisco's sentence is not replicated in Harris's proceedings.

As highlighted in our earlier recitation of the individual Justices' votes in DiFrisco's proceedings, the holding in *DiFrisco V*, *supra*, was based on the votes of four of the same Justices who sat on both the direct appeal and on the capital penalty's proportionality review. 187 *N.J.* at 178–79, 900 *A.*2d 820. When one examines the history of Harris's direct appeal and his proportionality review, it is apparent that the original members of the Court who heard his direct appeal never provided four votes to overturn his sentence, even if the votes taken in his proportionality review are considered. One can only find a "fourth" vote to overturn Harris's capital sentence by, in effect, counting Justice Handler's vote twice, which would be the case if we counted the vote cast by his successor (Justice Long) in the proportionality review. Simply put, *DiFrisco V* does not compel the relief that Harris seeks.

In conclusion, our holding in *DiFrisco V* was based on a tally of votes cast by the original members of DiFrisco's sentence-reviewing Court, albeit during bifurcated proceedings. Harris cannot match those unique circumstances. He is not entitled to relief under *DiFrisco V*. To the extent that Harris seeks an extension of *DiFrisco V*, his request is denied. To the extent that the State argues that we should re-examine the *DiFrisco V* holding, we decline to reach an argument that is unnecessary for disposition of the application before us. *See, e.g., State v. Delgado*, 188 *N.J.* 48, 64 n. 10, 902 *A.*2d 888 (2006) (declining to address defendant's due process argument that was not necessary to appeal's disposition).

*For denial*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO, and HOENS—7.

*Opposed*—None.